UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| The Fashion Institute of Design & Merchandising,<br><br>*Plaintiff,*<br>v.<br><br>Central Michigan University,<br><br>*Defendant.* | CIVIL ACTION NO. _____<br><br>ECF CASE<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff The Fashion Institute of Design & Merchandising ("Plaintiff" or "FIDM"), by and through its undersigned counsel, brings this action against Defendant Central Michigan University ("Defendant" or "CMU") and alleges as follows:

## NATURE OF THE ACTION

1. This case seeks to stop Defendant from egregiously and willfully infringing, counterfeiting, unfairly competing with, diluting, and otherwise harming Plaintiff's famous, federally registered, and incontestable mark and name: FIDM. Plaintiff has continuously used the FIDM Mark for its award-winning accredited educational services since as early as 1969, and has since then invested enormous amounts of time, resources, and funds into the FIDM Mark and the goodwill associated with that mark. Notwithstanding Plaintiff's unquestionably strong and exclusive rights in the FIDM Mark, Defendant recently adopted Plaintiff's FIDM Mark to brand and promote directly competitive and unauthorized educational services. Defendant's conduct is done without permission from Plaintiff and is designed to confuse consumers and to trade on and benefit from Plaintiff's strong reputation and enormously valuable goodwill, all to the harm of Plaintiff, consumers, and the general public. Despite knowledge of Plaintiff's trademark rights

1

and claims, Defendant refuses to cease its unauthorized use of the FIDM Mark and has indicated that it will continue to brazenly infringe, counterfeit, unfairly compete with, dilute, and otherwise harm Plaintiff's FIDM mark.

2.      This is an action for federal trademark infringement, trademark counterfeiting, trademark dilution, unfair competition, false designation of origin, and false advertising under Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), (c), as well as other related claims under the laws of the States of New York, California, and Michigan, and common law.

## THE PARTIES

3.      Plaintiff FIDM is a corporation organized and existing under the laws of the State of California with its principal place of business at 919 South Grand Avenue, Los Angeles, California 90015-1421.

4.      On information and belief, Defendant CMU is a state university organized and existing under the laws of the Michigan with its principal place of business at 1200 South Franklin, Mount Pleasant, Michigan 48895-2094.

5.      On information and belief, Defendant CMU also maintains an office and operates business at Fort Hamilton Center, 218 Marshall Drive, Fort Hamilton Army Base, Brooklyn, NY 11252-5190.

6.      On information and belief, Defendant CMU, by and through itself and/or its affiliates, subsidiaries, related entities, licensees, distributors, and/or agents, advertises, distributes, provides, offers for sale, and sells goods and services in the United States that are regularly sold or provided to consumers and customers in the State of New York and in this District. For example, CMU states that "CMU was a pioneer in distance learning, so online

classes are a natural for us. Many students take a combination of online and on-campus classes. Some earn their degrees 100 percent virtually." **Exhibit 1**.

(https://go.cmich.edu/locations/Pages/online.aspx). Furthermore, CMU has an office and campus location in this State and District at the Fort Hamilton Center, 218 Marshall Drive, Fort Hamilton Army Base, Brooklyn, NY 11252-5190 (the "CMU Brooklyn Campus"). *See* **Exhibits 2-4**

(https://www.cmich.edu/global/military/Pages/locations.aspx;

https://www.cmich.edu/global/locations/Pages/location.aspx?site=HAMIL). According to CMU, it has "proudly served the educational needs at Fort Hamilton since 1982" and thus has been present in and conducted business in this State and District including through the CMU Brooklyn Campus for nearly four decades. **Exhibit 3**

(https://www.cmich.edu/global/locations/Pages/location.aspx?site=HAMIL). In addition, CMU advertises and publicly promotes its students' educational trips to New York City. *See* **Exhibit 5**

(https://www.instagram.com/p/B9X3iFrl7oe/).

<u>**JURISDICTION AND VENUE**</u>

7.      This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a) and (b) for the claims arising out of the violations of Section 32 and Section 43 of the Lanham Act. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for the claims arising under the common law of the States of California, Michigan, and New York, and has jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 for the claims under the common law of trademark infringement and unfair competition because such claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

8.      This Court has personal jurisdiction over Defendant because, on information and belief: Defendant resides in this District; Defendant has committed and continues to commit acts of trademark infringement and other tortious acts causing harm in this District and elsewhere in New York by advertising, distributing, providing, offering for sale, and selling goods and services that infringe, dilute, unfairly compete with, and harm Plaintiff's trademarks in this District and State; Defendant has continuous and systematic business in this State and District, including through regular provision of goods and services at the CMU Brooklyn Campus and other commercial transactions or solicitation thereof, such that it is at home here; Defendant transacts business and/or contracts to supply goods and services within this State and District; Defendant regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods or services used, provided, consumed, or rendered in this State and District; because Defendant expects or should reasonably expect its actions to have consequences in this State and District and derives substantial revenue from interstate or international commerce; Defendant owns, uses, or possesses real property situated within this State and District; and/or because Defendant has committed infringing acts outside of this state causing injury to Plaintiff within this State.

9.      Venue is proper in this District under 28 U.S.C. § 1391 and NY CPLR § 503 because, on information and belief, Defendant resides in this District and because a substantial part of the events or acts giving rise to the claim occurred in this District. For example, on information and belief, Defendant has advertised, distributed, provided, offered for sale, and sold goods and services under Plaintiff's marks in this District and because Plaintiff conducts business in this District.

## FACTUAL BACKGROUND

### Plaintiff's FIDM Goods, Services, and Intellectual Property

10.     FIDM is an award-winning, accredited, educational institution founded in 1969 that is focused on the fashion, visual arts, interior design, and entertainment industries. FIDM has nearly 70,000 graduates worldwide, many in this State and District, and is routinely lauded as one of the top educational institutions of its kind.

11.     FIDM regularly recruits and offers educational services and related goods and services to persons who reside in this State and District, employs and contracts with persons and entities in this State and District, and solicits and receives funds or donations from persons and entities in this State and District.

12.     FIDM offers online eLearning programs to residents of this State and District, including, without limitation, through its online degree programs, which include, without limitation, the Merchandising & Marketing Professional Designation program and the Bachelor of Science in Business Management.

13.     FIDM owns numerous trademark registrations in the United States for its mark FIDM (the "FIDM Mark") and a family of formatives thereof (the FIDM Mark and formatives of the FIDM Mark together are the "FIDM Marks"), including in International Class 41 for educational services, and in other related classes. A representative example of FIDM's federal U.S. trademark registrations for the FIDM Marks (together the "FIDM Registrations") are shown below:

| Mark | U.S. Registration Number | Registration Date | Class and Goods/Services |
|------|--------------------------|-------------------|--------------------------|
| FIDM | 1,891,307 | Apr. 25, 1995 | 35: Business consulting services to the fashion and merchandising industries |

|  |  |  | 41: Educational services; namely, providing courses in the fields of fashion and merchandising |
| --- | --- | --- | --- |
| FIDM FASHION CLUB | 2,770,893 | Oct. 07, 2003 | 41: Educational services, namely, conducting seminars, courses of instruction, and workshops in the fields of fashion, design, beauty, culture, art, merchandising, and interior design |
| FIDM SUPERLAB | 3,936,638 | Mar. 29, 2011 | 41: Educational services, namely, organization of seminars, working groups, research groups, and conventions in the field of fashion including design, graphics, and digital media used in fashion |
| FIDM MODE | 4,387,360 | Aug. 20, 2013 | 16: Magazine in the fields of fashion, design, graphics, student life, beauty and entertainment |
| FIDM MUSEUM FASHION COUNCIL | 4,464,823 | Jan. 14, 2014 | 36: Fundraising and financial management services, for promoting research, education and the acquisition and preservation of items and articles relating to fashion, design, digital media and the beauty, apparel and jewelry industries |
| FIDM MUSEUM FASHION COUNCIL | 4,464,824 | Jan. 14, 2014 | 41: Educational services, namely, providing educational programming through workshops, seminars, exhibitions and displays, presentations and conferences in the fields of fashion, design, digital media, as well as in the beauty, apparel and jewelry industries, and distribution of educational program materials in connection therewith |

True and correct copies of registration certificates for the FIDM Marks are attached as **Exhibits 6-11**. Many of Plaintiff's FIDM Registrations are incontestable under 15 U.S.C. § 1065. The FIDM Registrations are valid and constitute conclusive evidence of FIDM's ownership of and

exclusive right to use the FIDM Marks in commerce in connection with the registered goods and services.

14.     FIDM owns and operates the domain <https://fidm.edu> (the "FIDM Website"), which features information about FIDM's goods and services offered under one or more of the FIDM Marks, along with editorial content related to the applied arts. A representative example is shown below and in the attached **Exhibit 12**:



https://fidm.edu/

15.     FIDM owns and operates the domain <http://thefidmstore.com> (the "FIDM Online Store"), which offers for sale and sells a wide variety of goods bearing or under one or more of the FIDM Marks, including, without limitation, apparel, hats, accessories, books, mugs, pins, and signs. A representative example is shown below and in the attached **Exhibits 13-1 and**

**13-2**:



http://thefidmstore.com/merchlist?ID=13903

16.     FIDM sponsors a high school and college fashion club program, with over eight hundred (800) club chapters around the world, including in this State and District, under the registered mark FIDM FASHION CLUB. *See* **Exhibit 14** (http://fashionclub.com).

17.     In addition to the FIDM Registrations, FIDM also owns significant common law rights in and to the family of FIDM Marks as a result of its longstanding use in U.S. commerce of the FIDM Mark or formatives thereof, including on and in connection with the FIDM educational institution, the FIDM Website, the FIDM Online Store, over eight hundred FIDM FASHION CLUB chapters, and other uses, including, without limitation, as social media accounts names and handles and as source-identifying hashtags on the internet. Example of

FIDM's social media and internet uses of FIDM as a source-identifying account name or hashtag are set forth above and below and in the attached **Exhibits 15-1, 15-2, 15-3, 15-4, 15-5, 15-6**:



https://www.instagram.com/fidm/?hl=en



https://www.instagram.com/fidmmode/?hl=en



https://www.instagram.com/fidmfashionclub/

18.     Long before Defendant, and since at least as early as 1969, FIDM, by and through itself and/or its predecessors, affiliates, related entities, licensees, distributors, and/or agents, has advertised, distributed, provided, offered for sale, and sold goods and services under the FIDM Marks in the United States, including in this State and District, and continues to broadly use the FIDM Marks all in connection with educational services, business consulting services, magazines and editorial content, fundraising services, and other related goods and services.

19.     FIDM owns all right, title, and interest in and to the FIDM Marks and the FIDM Registrations.

20.     FIDM has invested significant time and resources in developing and obtaining intellectual property rights in and to its FIDM Marks and the FIDM Registrations.

21.     FIDM has made extensive use of the FIDM Marks in connection with its successful and award-winning educational services and its other related goods and services. Due to FIDM's widespread use of and extensive advertising and marketing under the FIDM Marks, FIDM has built up highly valuable goodwill in its FIDM Marks, and said goodwill has become closely, uniquely, and exclusively identified and associated with FIDM.

22.     As a result of FIDM's substantial use of, advertising and promotional efforts, and provision of goods and services under the FIDM Marks, the FIDM Marks have become well known, strong, and famous among consumers, students, and the general public as distinctive and exclusive indicators of FIDM and its high quality and award-winning goods and services.

23.     To maintain the strength of its rights in the FIDM Marks and the FIDM Registrations, FIDM protects and enforces its intellectual property rights.

24.     FIDM has not licensed or otherwise authorized Defendant to use, or to offer any goods or services under or in connection with, any of the FIDM Marks or FIDM Registrations or confusingly similar variations thereof.

**Defendant's Unauthorized Uses of a Counterfeit FIDM Mark**

25.     On information and belief, Defendant owns and operates the website <www.cmich.edu> (the "CMU Website"), which promotes and features information on Defendant's competing educational services and other related goods and services.

26.     On information and belief, Defendant owns and operates the social media account "FIDM Central" (<https://www.instagram.com/fidmcentral/>) (the "Unauthorized FIDM Instagram Account"), which promotes and features information on Defendant's competing

educational services and other related goods and services. *See* **Exhibits 5, 16, 17, 18-1, 18-2, 18-3, 18-4**.

27.     Long after Plaintiff's first use of the FIDM Marks, Defendant recently began using Plaintiff's mark FIDM without authorization or permission in connection with competing educational services and other related goods and services (the "Infringing FIDM Uses"). Representative examples of Defendant's Infringing FIDM Uses and unauthorized uses of the Plaintiff's FIDM Marks are set forth below and shown in **Exhibits 5, 16-22**:





https://www.instagram.com/fidmcentral/

14



https://www.instagram.com/p/B_gINsNlHPc/



https://www.instagram.com/p/B-iUtw1lQc7/

28.     Defendant's Infringing FIDM Uses are identical, nearly identical, and highly similar to Plaintiff's FIDM Marks in sound, appearance, connotation, and commercial impression.

29.     Defendant's educational services and related goods and services are identical and highly similar to FIDM's goods and services under the FIDM Marks.

30.     FIDM and Defendant offer and provide similar educational services and related goods and services in the field of applied arts, respectively, at similar price points.

31.     On information and belief, Defendant's educational services and related goods and services in the field of applied arts offered or provided under the Infringing FIDM Uses are inferior to and of lower qualify and caliber than FIDM's award-winning educational services and related goods and services under the FIDM Marks.

32.     The customer bases overlap for FIDM's and Defendant's educational services and related goods and services in the field of applied arts, including, without limitation, on the internet.

33.     The trade channels overlap for FIDM's and Defendant's educational services and related goods and services in the field of applied arts, including, without limitation, on the internet.

34.     Defendant offers its competing educational services and related goods and services in the field of applied arts, at prices lower than those offered by FIDM.

**Defendant's Knowledge of and Continued Willful Infringement of the FIDM Marks and FIDM's Enforcement Actions Against Defendant to Date**

35.     Plaintiff has priority over Defendant as to the FIDM Marks and FIDM Registrations.

36.     On information and belief, at the time Defendant adopted the Unauthorized FIDM Uses, it knew of FIDM's use of and rights to the FIDM Marks, including in connection with educational services and related goods and services in the field of applied arts.

37.     On information and belief, at the time Defendant adopted the Unauthorized FIDM Uses, it knew that FIDM owned the FIDM Registrations.

38.     On at least one occasion, Defendant "liked" Plaintiff's FIDM-branded social media post from Defendant's Unauthorized FIDM Instagram Account.

39.     On January 27, 2020, counsel for FIDM sent Defendant a letter demanding, among other things, that Defendant cease and desist use of the FIDM Marks and the Unauthorized FIDM Uses and relinquish and permanently cease using the Instagram handle @fidmcentral and any other social media account or internet use of FIDM (including any use in a domain name, user name, or hashtag) (the "January 2020 Cease and Desist Letter"). A true and correct copy of the January 2020 Cease and Desist Letter is set forth as **Exhibit 23**.

40.     On February 21, 2020, counsel for Defendant responded to the January 2020 Cease and Desist Letter and stated that Defendant would not cease use of the FIDM Marks or Unauthorized FIDM Uses or otherwise comply with FIDM's requests. A true and correct copy of the Defendant's February 21, 2020 responsive communication is set forth in the attached **Exhibit 24**.

41.     In knowing and willful disregard for FIDM's intellectual property rights, Defendant has continued to use one or more of the FIDM Marks and the Unauthorized FIDM Uses after receiving the January 2020 Cease and Desist Letter.

42.     Defendant continues its infringing activities to date, including through the CMU Website and the Unauthorized FIDM Instagram Account. True and correct images reflecting

Defendant's continued unauthorized uses of the FIDM Marks and Unauthorized FIDM Uses are set forth in the attached **Exhibits 5, 16-22**.

43.    Defendant's ongoing authorized use of the FIDM Marks and Unauthorized FIDM Uses, despite communications from FIDM, reflects Defendant's defiance and willful intent to infringe and violate FIDM's rights in the FIDM Marks and FIDM Registrations.

44.    Upon information and belief, despite knowledge of the FIDM Marks and FIDM Registrations, Defendant has actively attempted to solicit FIDM's staff, faculty, and/or prospective students away from FIDM and to Defendant.

**FIDM is Suffering Irreparable Harm**

45.    Defendant has undertaken activities in connection with advertising, distributing, providing, offering for sale, and selling goods and services in the United States under one or more of the FIDM Marks and continues to broadly use one or more of the FIDM Marks, including through the Unauthorized FIDM Uses, the CMU Website, and the Unauthorized FIDM Instagram Account in the United States, all in connection with educational services and other related goods and services in a manner that is likely to cause confusion among consumers as to the source or origin of Defendant's goods and services, namely by misleading and deceiving consumers into the false belief that FIDM is the source of Defendant's goods and services under the FIDM Marks and Unauthorized FIDM Uses or that Defendant's goods and services under the FIDM Marks and Unauthorized FIDM Uses are sponsored by, affiliated with, or endorsed by FIDM.

46.    Defendant's unauthorized use of the FIDM Marks and Unauthorized FIDM Uses is likely to cause, and is in fact causing confusion, mistake, or deception within the relevant consuming public and the general public as to the source or origin of Defendant's educational

services and related goods or services in the field of applied arts, and is further likely to dilute Plaintiff's goodwill in and to tarnish and/or disparage the FIDM Marks.

47.    The likelihood of confusion, mistake, and deception, and the dilution attributable to Defendant's unauthorized use of the FIDM Marks and Unauthorized FIDM Uses is causing irreparable harm to FIDM and the goodwill associated with the FIDM Marks.

48.    On information and belief, Defendant adopted the FIDM Marks and Unauthorized FIDM Uses and is using the FIDM Marks and Unauthorized FIDM Uses with the deliberate intent to create confusion as to the source, sponsorship, and quality of its goods and services, and to trade off the valuable goodwill of Plaintiff and its FIDM Marks.

49.    Defendant's conduct described herein is intentional, fraudulent, malicious, willful, and wanton.

50.    Defendant's conduct has caused and will continue to cause FIDM to suffer irreparable harm to its reputation and the goodwill associated with Plaintiff's FIDM Marks, including because Plaintiff has no control over Defendant's goods or services or uses of the FIDM Marks and Unauthorized FIDM Uses.

51.    Defendant's conduct has injured FIDM.

52.    If not enjoined, Defendant's conduct will continue to injure FIDM.

53.    Defendant's conduct has and will continue to harm the public and consumers of FIDM's goods and services.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT, 15 U.S.C. § 1114, 1125(a)

54.    FIDM hereby repeats and realleges the above paragraphs of this Complaint as if fully set forth here.

55.    FIDM owns all right, title, and interest in and to the FIDM Marks and FIDM

Registrations.

56.     The Defendant's Unauthorized FIDM Uses are identical, nearly identical, and highly similar to the Plaintiff's FIDM Marks.

57.     Defendant has used in commerce, without FIDM's permission, one or more of the FIDM Marks and the Unauthorized FIDM Uses in a manner that is likely to cause confusion, mistake, or deception among consumers and the public as to the source of Defendant's goods and services and/or to cause consumers to mistakenly believe that Defendant and/or Defendant's goods and services are affiliated, associated, or connected with, or are approved or sponsored by, FIDM and/or FIDM's goods and services.

58.     Defendant's acts constitute infringement of the FIDM Marks under 15 U.S.C §§ 1114, 1125(a).

59.     On information and belief, Defendant's acts are willful and in bad faith.

60.     As a direct and proximate result of Defendant's wrongful acts, the public has been harmed and FIDM has suffered and continues to suffer damage to its trademark rights, reputation, and goodwill. Unless restrained, Defendant will continue to use marks and designations identical to or confusingly similar to Plaintiff's FIDM Marks and will cause irreparable damage to FIDM. FIDM has no adequate remedy at law and is entitled to an injunction restraining Defendant, and its respective officers, agents, and employees, and all persons acting in concert with Defendant, from engaging in further acts of infringement.

61.     FIDM is further entitled to recover from Defendant actual, compensatory, and exemplary damages in an amount to be determined at trial, disgorgement of profits, treble damages, increased profits, attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT II
## FEDERAL TRADEMARK COUNTERFEITING, 15 U.S.C. § 1114

62.     FIDM hereby repeats and realleges the above paragraphs of this Complaint as if fully set forth here.

63.     FIDM owns all right, title, and interest in and to the FIDM Marks and FIDM Registrations.

64.     FIDM has not authorized Defendant to use the FIDM Marks or the Unauthorized FIDM Uses or other designations that are identical to, counterfeit of, or colorable imitations of the FIDM Registrations.

65.     The Unauthorized FIDM Uses are identical to, counterfeit of, or colorable imitations of the FIDM Marks and FIDM Registrations.

66.     Defendant has willfully used in commerce, without FIDM's permission, the Unauthorized FIDM Uses and other designations that are identical to, counterfeit of, or colorable imitations of the FIDM Registrations.

67.     Defendant's unauthorized uses of the registered FIDM Marks and FIDM Registrations in connection with Defendant's goods and services constitutes use of FIDM's registered marks in commerce.

68.      Defendant's unauthorized uses of the registered FIDM Marks and FIDM Registrations are likely to cause confusion, mistake, or deception among consumers and the public as to the source of Defendant's goods and services and/or to cause consumers to mistakenly believe that Defendant and/or Defendant's goods and services are affiliated, associated, or connected with, or are approved or sponsored by, FIDM and/or FIDM's goods and services.

69.     Defendant's acts constitute trademark counterfeiting of the FIDM Registrations under 15 U.S.C §§ 1114(1)(a), (b).

70.     On information and belief, Defendant's acts are willful and in bad faith.

71.     As a direct and proximate result of Defendant's wrongful acts, the public has been harmed and FIDM has suffered and continues to suffer damage to its trademark rights, reputation, and goodwill. Unless restrained, Defendant will continue to use marks and designations that are identical to, counterfeit of, or colorable imitations of the FIDM Registrations and will cause irreparable damage to FIDM. FIDM has no adequate remedy at law and is entitled to an injunction restraining Defendant, and its respective officers, agents, and employees, and all persons acting in concert with Defendant, from engaging in further acts of infringement.

72.     FIDM is further entitled to recover from Defendant actual, compensatory, and exemplary damages in an amount to be determined at trial, statutory damages per use of counterfeit mark per type of goods or services at-issue pursuant to 15 U.S.C. § 1117(c), disgorgement of profits, treble damages, increased profits, attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT III
## FEDERAL TRADEMARK DILUTION, 15 U.S.C. § 1125(c)

73.     FIDM hereby repeats and realleges the above paragraphs of this Complaint as if fully set forth here.

74.     FIDM owns all right, title, and interest in and to the FIDM Marks and FIDM Registrations.

75.     The FIDM Marks are famous and distinctive and have been so for many years prior to Defendant's first use of the FIDM Marks or the Unauthorized FIDM Uses.

76.     Defendant has used in commerce, without FIDM's permission, one of more the FIDM Marks and the Unauthorized FIDM Uses in a manner that is likely to cause dilution by blurring the exclusive association consumers have when exposed to the FIDM Marks and weakening the capability of the FIDM Marks to serve as exclusive source indicators for FIDM.

77.     Defendant has used in commerce, without FIDM's permission, one or more of the FIDM Marks and the Unauthorized FIDM Uses in a manner that is likely to cause dilution by tarnishing the value of the FIDM Marks and the reputation that FIDM has built up and enjoys in connection with its superior and high quality goods and services offered and sold under the FIDM Marks.

78.     Defendant's acts constitute dilution by blurring and tarnishment of the FIDM Marks under 15 U.S.C § 1125(c).

79.     On information and belief, Defendant's acts are willful and in bad faith.

80.     As a direct and proximate result of Defendant's wrongful acts, the public has been harmed and FIDM has suffered and continues to suffer damage to its trademark rights, reputation, and goodwill. Unless restrained, Defendant will continue to use marks and designations that dilute the FIDM Marks and will cause irreparable damage to FIDM. FIDM has no adequate remedy at law and is entitled to an injunction restraining Defendant, and its respective officers, agents, and employees, and all persons acting in concert with Defendant, from engaging in further acts of infringement.

81.     FIDM is further entitled to recover from Defendant actual, compensatory, and exemplary damages in an amount to be determined at trial, disgorgement of profits, treble damages, increased profits, attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT IV
## FEDERAL UNFAIR COMPETITION, 15 U.S.C. § 1125(a)

82.     FIDM hereby repeats and realleges the above paragraphs of this Complaint as if fully set forth here.

83.     FIDM owns all right, title, and interest in and to the FIDM Marks and FIDM Registrations.

84.     Defendant has used in commerce, without FIDM's permission, one or more of the FIDM Marks and the Unauthorized FIDM Uses, which are identical or substantially similar to the Plaintiff's FIDM Marks, on and in connection with identical educational services and other related and similar goods and services.

85.     Defendant's unlawful acts in appropriating the Plaintiff's FIDM Marks are and were intended to benefit from FIDM's goodwill for Defendant's own gain.

86.     Defendant's use of the FIDM Marks and Unauthorized FIDM Uses, which are identical or confusingly similar to Plaintiff's FIDM Marks, has caused and is likely to cause confusion as to the source of Defendant's goods and services, all to the harm of FIDM.

87.     Defendant's conduct alleged herein is likely to cause confusion or deception of consumers as to the origin, sponsorship, affiliation, connection, and/or association of FIDM's and Defendant's goods and/or services.

88.     Defendant's use of the FIDM Marks and Unauthorized FIDM Uses is calculated and intended to deceive and is likely to deceive consumers into falsely believing that its goods and services are FIDM's goods and services or are associated with FIDM.

89.     Defendant is capitalizing on and profiting from the likely consumer confusion between its use of the FIDM Marks and Unauthorized FIDM Uses, on the one hand, and FIDM's use of the FIDM Marks, on the other hand.

90.     FIDM does not now and has never sponsored, approved, or authorized Defendant's use of the FIDM Marks, the Unauthorized FIDM Uses, or any other intellectual property.

91.     Defendant's conduct is willful and deliberate and done with the intent to unfairly commercially benefit from the goodwill associated with Plaintiff and its FIDM Marks.

92.     The foregoing acts of Defendant constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

93.     Defendant's unfair competition has caused and is causing great and irreparable harm and damage to FIDM, and will continue, unless permanently restrained and enjoined by this Court.

94.     As a direct and proximate result of Defendant's wrongful acts, the public has been harmed and FIDM has suffered and continues to suffer damage to its trademark rights, reputation, and goodwill. Unless restrained, Defendant will continue to use marks confusingly similar to the FIDM Marks and will cause irreparable damage to FIDM. FIDM has no adequate remedy at law and is entitled to an injunction restraining Defendant, its respective officers, agents, and employees, and all persons acting in concert with Defendant, from engaging in further acts of infringement and unfair competition.

95.     FIDM is further entitled to recover from Defendant actual, compensatory, and exemplary damages in an amount to be determined at trial, disgorgement of profits, treble damages, increased profits, attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT V
## FALSE ADVERTISING AND FALSE DESIGNATION OF ORIGIN, 15 U.S.C. § 1125(a)

96.     FIDM hereby repeats and realleges the above paragraphs of this Complaint as if fully set forth here.

97.     FIDM owns all right, title, and interest in and to the FIDM Marks and FIDM Registrations.

98.     Defendant has used and is using in commerce one or more of the FIDM Marks and the Unauthorized FIDM Uses without authorization from FIDM to commercially advertise, promote, and describe its goods and services, including, without limitation, on the CMU Website and on the Unauthorized FIDM Instagram Account.

99.     Defendant's uses of the FIDM Marks and Unauthorized FIDM Uses to advertise, promote, and describe its goods and services, constitute false representations, false descriptions, and false designations, that are used in a manner calculated to mislead the public and consumers and to create the false impression that Defendant's goods and services originate from or are sponsored, approved, or authorized by FIDM and to misrepresent the nature, qualities, and characteristics of Defendant's goods and services.

100.    Defendant's uses of the FIDM Marks and Unauthorized FIDM Uses have actually deceived, have the tendency to deceive, and/or are likely to deceive consumers.

101.    Defendant's uses of the FIDM Marks and Unauthorized FIDM Uses and false statements are material and likely to influence purchasing decisions, including, without limitation, by misleading students or their parents into purchasing Defendant's educational services under the false believe that such services originate from or are sponsored, approved, or authorized by FIDM.

102.    Defendant's advertising uses of the FIDM Marks and Unauthorized FIDM Uses constitutes false advertising under 15 U.S.C. § 1125(a).

103.    Defendant has made false representations and false designations of the origin of its goods and services in violation of 15 U.S.C. § 1125(a).

104.    As a direct and proximate result of Defendant's wrongful acts, the public has

been harmed and FIDM has suffered and continues to suffer damage to its trademark rights,

reputation, and goodwill. Unless restrained, Defendant will continue to falsely use the FIDM

Marks and Unauthorized FIDM Uses and will cause irreparable damage to FIDM. FIDM has no

adequate remedy at law and is entitled to an injunction restraining Defendant, its respective

officers, agents, and employees, and all persons acting in concert with Defendant, from engaging

in further acts of false designation of origin and false advertising.

105.    FIDM is further entitled to recover from Defendant actual, compensatory, and

exemplary damages in an amount to be determined at trial, disgorgement of profits, treble

damages, increased profits, attorneys' fees, costs, and pre-judgment and post-judgment interest.

**COUNT VI**
**DILUTION UNDER NYGBL § 360-L**

106.    FIDM hereby repeats and realleges the above paragraphs of this Complaint as if

fully set forth here.

107.    FIDM owns all right, title, and interest in and to the FIDM Marks and FIDM

Registrations.

108.    The FIDM Marks are famous and distinctive and have been so for many years

prior to Defendant's first to use the FIDM Marks or the Unauthorized FIDM Uses.

109.    Defendant has used in commerce, without FIDM's permission, one or more of the

FIDM Marks and the Unauthorized FIDM Uses in a manner that is likely to impair the

distractive quality of, and harm the reputation of, FIDM's famous and distinctive FIDM Marks.

110.    Defendant has used in commerce, without FIDM's permission, one or more of the

FIDM Marks and the Unauthorized FIDM Uses in a manner that is likely to cause dilution by

blurring the exclusive association consumers have when exposed to the FIDM Marks and

28

weakening the capability of the FIDM Marks to serve as source indicators for FIDM.

111.    Defendant has used in commerce, without FIDM's permission, the FIDM Marks and the Unauthorized FIDM Uses in a manner that is likely to cause dilution by tarnishing the value of the FIDM Marks and the reputation that FIDM has built up and enjoys in connection with its superior and high quality goods and services offered and sold under the FIDM Marks.

112.    Defendant's acts constitute dilution by blurring and tarnishment of the FIDM Marks under Section 360-l of the New York General Business Law.

113.    On information and belief, Defendant's acts are willful and in bad faith.

114.    As a direct and proximate result of Defendant's wrongful acts, the public has been harmed and FIDM has suffered and continues to suffer damage to its trademark rights, reputation, and goodwill. Unless restrained, Defendant will continue to use marks and designations that dilute the FIDM Marks and will cause irreparable damage to FIDM. FIDM has no adequate remedy at law and is entitled to an injunction restraining Defendant, and its respective officers, agents, and employees, and all persons acting in concert with Defendant, from engaging in further acts of infringement.

115.    FIDM is further entitled to recover from Defendant actual, compensatory, and exemplary damages in an amount to be determined at trial, disgorgement of profits, treble damages, increased profits, attorneys' fees, costs, and pre-judgment and post-judgment interest.

<u>COUNT VII</u>
**DECEPTIVE TRADE PRACTICES UNDER STATE LAWS**

116.    FIDM hereby repeats and realleges the above paragraphs of this Complaint as if fully set forth here.

117.    Defendant committed unfair and deceptive trade practices through the use in commerce, without FIDM's permission, of the FIDM Marks and Unauthorized FIDM Uses in a

manner intended and likely to cause confusion among consumers as to the source, sponsorship, affiliation, or endorsement of Defendant's goods and services, and otherwise damaging the public.

118.    Defendant's unfair and deceptive acts and practices were performed in the course of conducting business, trade, or commerce.

119.    Defendant's conduct constitutes unfair and deceptive acts or practices under the statutes of several states, including California CAL. BUS. & PROF. CODE § 17200, et seq. (West 2009); Michigan, MI. CON. PROT. ACT. § 445.903; and New York, N.Y. GEN. BUS. Law § 349 (McKinney 2009).

120.    As a direct and proximate result of Defendant's wrongful acts, the public has been harmed and FIDM has suffered and continues to suffer damage to its trademark rights, reputation, and goodwill. Unless restrained, Defendant will continue to use marks confusingly similar to the FIDM Marks and will cause irreparable damage to FIDM and the public. FIDM has no adequate remedy at law and is entitled to an injunction restraining Defendant, and its respective officers, agents, and employees, and all persons acting in concert with Defendant, from engaging in further acts of infringement.

121.    FIDM is further entitled to recover from Defendant actual, compensatory, and exemplary damages in an amount to be determined at trial, disgorgement of profits, treble damages, increased profits, attorneys' fees, costs, and pre-judgment and post-judgment interest. Further, in light of Defendant's deliberate and malicious use of confusingly similar imitations of Plaintiff's FIDM Marks, and the need to deter Defendant from engaging in similar conduct in the future, FIDM is additionally entitled to punitive damages.

## COUNT VIII
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

122.    FIDM hereby repeats and realleges the above paragraphs of this Complaint as if fully set forth here.

123.    FIDM owns all right, title, and interest in and to the FIDM Marks.

124.    The Unauthorized FIDM Uses are identical to and identical and nearly identical and highly similar to the FIDM Marks.

125.    Defendant has used in commerce, without FIDM's permission, one or more of the FIDM Marks and the Unauthorized FIDM Uses in a manner that is likely to cause confusion, mistake, or deception among consumers and the public as to the source of Defendant's goods and services and/or to cause consumers to mistakenly believe that there is an affiliation, connection, approval, sponsorship, or association of FIDM and/or FIDM's goods and services, on the one hand, with Defendant and/or Defendant's goods and services, on the other hand.

126.    Defendant's acts constitute common law infringement of the FIDM Marks and common law unfair competition.

127.    On information and belief, Defendant's acts are willful and in bad faith.

128.    As a direct and proximate result of Defendant's wrongful acts, the public has been harmed and FIDM has suffered and continues to suffer damage to its trademark rights, reputation, and goodwill. Unless restrained, Defendant will continue to use marks and designations confusingly similar to the FIDM Marks and will cause irreparable damage to FIDM. FIDM has no adequate remedy at law and is entitled to an injunction restraining Defendant, and its respective officers, agents, and employees, and all persons acting in concert with Defendant, from engaging in further acts of infringement and unfair competition.

129.   FIDM is further entitled to recover from Defendant actual, compensatory, and exemplary damages in an amount to be determined at trial, disgorgement of profits, treble damages, increased profits, attorneys' fees, costs, and pre-judgment and post-judgment interest. Further, in light of Defendant's deliberate and malicious use of confusingly similar imitations of Plaintiff's FIDM Marks, and the need to deter Defendant from engaging in similar conduct in the future, FIDM is additionally entitled to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff FIDM prays for judgment against Defendant as follows:

1) Pursuant to 15 U.S.C. § 1116, 1125, and applicable state laws, that Defendant and its parents, subsidiaries, affiliates, related entities, agents, servants, employees, attorneys, assigns, and all others in privity or acting in concert with it be permanently enjoined from:

   a. Using or authorizing, aiding, or abetting others to use the FIDM Marks, the Unauthorized FIDM Uses, or any other name or mark that is confusingly similar to Plaintiff's FIDM Marks, in connection with the marketing, advertising, promotion, distributing, manufacturing, offering for sale, rendering, selling, or otherwise using or exploiting in commerce of any product, good, or service in any manner that may cause confusion or mistake or may deceive the public into believing that such product, good, or service originates from FIDM or that there is any affiliation or connection with FIDM, and from otherwise unfairly competing with FIDM;

   b. Relinquish and permanently refrain from using the Unauthorized FIDM Instagram Account and any other use of "FIDM" in connection with a social media account

name, hashtag, or website;

c.  Otherwise infringing or diluting Plaintiff's FIDM Marks or unfairly competing with FIDM;

d.  Representing by any means whatsoever, directly or indirectly, or doing any other acts or things calculated or likely to cause confusion, mistake, or to deceive the public into believing that any of Defendant's goods or services originate with FIDM or that there is any connection, affiliation, or sponsorship between FIDM and Defendant; and

e.  using the FIDM Marks in connection with any social media account or hashtag.

2) Pursuant to 15 U.S.C. § 1118 and applicable state laws, Defendant be directed to deliver up for destruction all advertisements, labels, signs, prints, packages, wrappers, receptacles, and all other materials in its possession or under its control that bear any of the FIDM Marks or any other reproduction, counterfeit, copy, or colorable imitation of Plaintiff's FIDM Marks, including, without limitation, the Unauthorized FIDM Uses.

3) Pursuant to 15 U.S.C. § 1117 and applicable state laws, Defendant account and pay to FIDM: damages in an amount sufficient to fairly compensate FIDM for the injury it has sustained; punitive damages in an amount sufficient to deter Defendant from engaging in acts of the type complained of herein; and all profits which are attributable to the infringing sale of goods or services under the names and marks complained of herein.

4) Pursuant to 15 U.S.C. § 1117 and applicable state laws, the amount of the monetary award granted to FIDM be trebled and the award of profits be enhance in view of the knowing, willful, and deliberate nature of Defendant's unlawful conduct and counterfeiting of Plaintiff's marks.

5) Pursuant to 15 U.S.C. § 1117(c)(1), and due to Defendant's willful use of counterfeit marks, Defendant be ordered to pay to FIDM statutory damages of up to $2,000,000 per counterfeit mark per type goods or services sold, offered for sale, or distributed, or an amount otherwise set by this Court.

6) Because of Defendant's wrongful counterfeiting, FIDM is further entitled to an award of, among other things, treble damages, increased profits, and its reasonable attorneys' fees under 15 U.S.C. § 1117(a), (b).

7) Pursuant to 15 U.S.C. § 1117 and the applicable state laws, Defendant be ordered to pay to FIDM the costs of this action and FIDM's attorneys' fees for this exceptional case.

8) Pursuant to 15 U.S.C. § 1117 and the applicable state laws, Defendant be ordered to make an accounting of all income and all profits derived from the sale of its goods or services under any of the FIDM Marks or the Unauthorized FIDM Uses.

9) Pursuant to 15 U.S.C. § 1117 and the applicable state laws, Defendant be ordered to pay FIDM the costs for corrective advertising.

10) FIDM be awarded pre-judgment and post-judgment interest on all monetary awards.

11) FIDM be granted such other, further, different or additional relief as this Court deems equitable and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff FIDM demands a trial by jury on all issues so triable in accordance with Rule 38 of the Federal Rules of Civil Procedure.

Dated: April 30, 2020                    Respectfully submitted,

                                 By:     /s/ Anthony Lupo
                                         Anthony Lupo, *pro hac vice*
                                         1717 K Street, NW
                                         Arent Fox LLP
                                         Washington, DC 20006
                                         Tel.:  (202) 857-6000
                                         Fax:  (202) 857-6395
                                         Anthony.Lupo@arentfox.com

                                         Lindsay Korotkin
                                         Arent Fox LLP
                                         1301 Avenue of the Americas, Floor 42
                                         New York, NY 10019
                                         Tel.:  (212) 484-3900
                                         Fax:  (212) 484-3990
                                         Lindsay.Korotkin@arentfox.com

                                         *Attorneys for Plaintiff The Fashion Institute of*
                                         *Design & Merchandising*